IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



WILLIAM SATTERFIELD,

    Plaintiff,

v.                                                            Civil Action No. **3:19CV170**

GILMORE HICKS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

William Satterfield, a Virginia inmate proceeding *pro se* and *in forma pauperis* filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on September 25, 2019, the Court directed Plaintiff to file a particularized complaint. (ECF No. 11.) The Court received a document from Plaintiff that the Court assumed was a Particularized Complaint, but was not labeled as such, and that also failed to comply with the Court's directives. Accordingly, by Memorandum Order entered on October 17, 2019, the Court directed Plaintiff to file a second particularized complaint. Plaintiff filed a Second Particularized Complaint. (ECF No. 14.) The matter is now before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed below, Satterfield's claim and the action will be dismissed without prejudice for failure to state a claim.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992)

(quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or

complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SATTERFIELD'S ALLEGATIONS AND CLAIM

Satterfield's Second Particularized Complaint is terse and repetitive. Satterfield alleges that Defendants Gilmore Hicks and April Green violated his Eighth Amendment rights. (Sec. Part. Compl. 1.) Satterfield states as follows:[1]

- A.) SECOND PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV170
- B.) The Defendants will be Gilmore Hicks [and] April Green. These [are the] two people that control the mental health pods [and] refuse to move me. The staff[] have me in regular population in a crowded pod with no psychiatric pod it constitute[s] deliberate indifference. By the staff[] mixing me with those that don't have a mental illness is a violation[] of both groups. This is unconstitutional [and] they are violating my Eight[h] Amendment [rights] dealing with cruel [and] unusual punishments.
- A.) SECOND PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:19CV170
- B.) [The] right of mine [that is] violated will be Eighth Amendment- excessive bail shall not be required, not excessive fines imposed, nor cruel [and] unusual punishments inflicted.

    . . . .

    April Green [and] Gilmore Hicks [are] purportedly liable for one: They have my records when I went to Eastern State Psychiatric Hospital as well [as] my records that Community Services Board in Chesapeake sent

---

[1] The Court corrects the capitalization, spelling, spacing, and punctuation and omits the emphasis in the quotations from the Second Particularized Complaint.

> the jail. In documents, I have been mental[ly] disabled since 2001. The two head ladies that run[] the mental health pod have put [me] in regular population [and] affect me by the large crowd of people with the noise level as well [as] 2 TV[s] on all day long. People making comments to another once I see a mental health staff, such [as] saying I am crazy or weird acting. Housing me with a cellmate that doesn't have a mental illness [and] he . . . don't take no prescribe[d] medicines for mental disorder.

(*Id.* at 1–2.) Satterfield requests two million in damages for "Official Capacity" and one million in damages for "Individual Capacity." (*Id.*)

### III. ANALYSIS

To state an Eighth Amendment claim, an inmate must allege facts showing "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381). With respect to claims of inadequate medical treatment under the Eighth Amendment, "the objective component is satisfied by a serious medical condition." *Quinones*, 145 F.3d at 167.

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing

of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

In order to state an Eighth Amendment claim for denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)), *overruled in part on other grounds by Farmer*, 511 U.S. at 837. Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or

to the medical treatment of their choosing. *Hudson*, 503 U.S. at 9 (citing *Estelle*, 429 U.S. at 103–04). Absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less to demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)).

Satterfield fails to allege facts that plausibly satisfy either prong of the Eighth Amendment. First, Satterfield fails to allege "a serious or significant physical or emotional injury resulting from the challenged conditions." *De'Lonta*, 330 F.3d at 634 (citation omitted). At most, his complaints about noise and general comments by other inmates amount to nothing more than the routine discomfort of incarceration. *See Godfrey v. Russell*, No. 7:14CV00476, 2015 WL 5657037, at *8 (W.D. Va. Sept. 24, 2015) (explaining that inmate's desire to be placed in the mental health pod due to dislike of other inmates "gossiping about him, rather than his safety" was insufficient to state a claim against mental health coordinator). Second, Satterfield fails to allege facts indicating that Defendants knew of and disregarded a substantial risk of serious harm to Satterfield by housing him in general population. Although Satterfield clearly desired to be in the mental health pod, his disagreement with the decision to house him in general population fails to state an Eighth Amendment claim. *See Wright*, 766 F.2d at 849; *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) (citations omitted) (noting that with respect to care for inmate's with mental illness, courts will not "attempt to second-guess the propriety or adequacy of a particular course of treatment" and "will not intervene upon allegations of mere negligence, mistake or difference of opinion"). Satterfield does not allege facts suggesting that Defendants recognized that housing Satterfield in the general population pod was inappropriate, much less subjected Satterfield to a substantial risk

of serious harm. Accordingly, Satterfield fails to state an Eighth Amendment claim, and his claims against Defendants will be DISMISSED WITHOUT PREJUDICE.

### III. CONCLUSION

For the foregoing reasons, Satterfield's claims will be DISMISSED WITHOUT PREJUDICE. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 25 Nov. 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

7